OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an application to discharge a mechanic’s lien. Pursuant to Lien Law § 19, notice of the application must be given to .the lienor or his attorney not less than two days before the application is made. Pursuant to CPLR 2103, if service is made by mail, an additional five days’ notice must be given. Petitioner’s counsel served notice of this application upon the lienor’s attorney by “Express Mail”, giving only five days’ notice instead of seven.
Counsel attempts to justify this short notice upon the grounds that “Express Mail” is a special service of the U. S. Postal Service, whereby mail is delivered the day immediately following the day of mailing.
The statute makes no reference to “Express Mail.” In the absence of specific statutory recognition of the expedited nature of “Express Mail” delivery, the court holds that for the purposes of CPLR 2103, “Express Mail” is to be given the same effect as any other form of mail, and where service is made by “Express Mail”, the additional period of notice must still be five days and not any lesser period.
The court notes that in this case there is no receipt or other writing from the U. S. Postal Service which would indicate that delivery of the notice was actually effected on the day following the mailing. Even were such a writing before the court, how *663 ever, the court would still hold that insufficient notice of this application had been given.
The application to discharge the lien is therefore denied, without prejudice to renewal upon proper notice to the lienor.